**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Marcus Gaston, | |
| Plaintiff, | Civil No. 3:26-cv-00817 (SVN) |
| v. | |
| Fason, Papoosha and Santiago, | |
| Defendants. | |
| | June 15, 2026 |

**RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Mr. Marcus Gaston, the plaintiff, is an inmate at Walker Correctional Institution filing a civil rights complaint against Correctional Officers Eason,[1] Papoosha and Santiago.[2]  In his complaint, Mr. Gaston claims that Eason confiscated his legal documents, and that other officers from the Department of Correction's intelligence unit are targeting him.[3]  Mr. Gaston filed a motion for leave to proceed "*in forma pauperis*," or "IFP," alongside his *pro se* Prisoner Civil Rights Complaint.[4]

The court has carefully reviewed Mr. Gaston's IFP motion.  Having done so, the court concludes that Mr. Gaston is entitled to proceed IFP, and it will grant his motion for the reasons explained below.

---

[1]     The docket states the officer's name as "Fason," while the complaint repeatedly uses "Eason."  The Clerk of the Court is respectfully directed to change the name to "Eason" on the docket.

[2]     Complaint, Docket No. 1, 1.

[3]     *Id.* at 4-5.

[4]     Complaint, Docket No. 1; IFP Motion, Docket No. 2.

**WHY THE *IN FORMA PAUPERIS* MOTION SHOULD BE GRANTED**

Plaintiffs ordinarily must pay $405.00 to commence a civil lawsuit in the United States District Court for the District of Connecticut, comprising a $350.00 filing fee and a $55.00 administrative fee.[5]  A prisoner plaintiff may have the administrative fee waived and may pay the filing fee in accordance with the payment schedule in 28 U.S.C. 1915(b) if he files an affidavit showing that he is "unable to pay such fees or give security therefor."[6]

To qualify as "unable to pay," a plaintiff need only show that "paying such fees would constitute a serious hardship."[7]  The United States Supreme Court has held that a "sufficient" showing of inability to pay is demonstrated when the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life."[8]  He need not "be absolutely destitute to enjoy the benefits of the [*in forma pauperis*] statute."[9]

Mr. Gaston has shown that he is unable to pay the fees attributable to his lawsuit.  In his IFP motion, Mr. Gaston asserts that he has no income and few assets.[10]  In the last twelve months he has not held employment, nor received any rent, interest on savings, dividends on investments, pension payments, inheritances, or disability payments,[11] but has received four deposits of around $50.00 in the past six months.[12]  He presently has $17.10 in cash, checking or savings accounts, including his inmate trust account.[13]  And he does not contribute any monetary support to other

---

[5]      28 U.S.C. § 1914; 28 U.S.C. § 1915(a).
[6]      28 U.S.C. § 1915(a).
[7]      *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007).
[8]      *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[9]      *Id.*
[10]     IFP Motion, Docket No. 2, 2-3.
[11]     *Id*. at 2.
[12]     Prisoner Trust Fund Account Statement, Docket No. 4.
[13]     IFP Motion, Docket No. 2, 3.

individuals, nor does he spend any money on necessities of life beyond what is provided by the Department of Correction.[14]

Given his lack of resources, Mr. Gaston qualifies for IFP status. Paying $405.00 would detract from his ability to provide for his necessities of life, thus constituting serious hardship. The Court will therefore grant his IFP motion.

/s/ Thomas O. Farrish

Hon. Thomas O. Farrish
United States Magistrate Judge

---

[14]     *Id.*